work." Underwood Typewriter Co. v. Royal Typewriter Co. (C. C. A. 2) 224 Fed. 477, 479, 140 C. C. A. 163, 165.

Defendant has, in our opinion, in substantial effect so constructed his device as to dispense with the necessity of the function of plaintiff's blade-carrying frame. The case in this respect is not without analogy to that considered by us in Detroit Showcase Co. v. Kawneer Mfg. Co., 250 Fed. 234, at page 238, 162 C. C. A. 370. The situation is not, in our opinion, analogous to that found in Bundy Mfg. Co. v. Detroit Time Register Co. (C. C. A. 6) 94 Fed. 524, 537, 36 C. C. A. 375. What we said by way of distinguishing that case from the situation involved in Ohmer v. Ohmer, 238 Fed. 182, at page 193, 151 C. C. A. 258, applies here. In our opinion defendant does not infringe.

We find it unnecessary to consider the Hanna patent.

The decree of the District Court is affirmed.

---

### O'REILLY v. BENJAMIN HARRIS CO., Inc.

(Circuit Court of Appeals, Second Circuit. January 15, 1919.)

#### No. 159.

PATENTS ⊕328—INFRINGEMENT—POLICE WHISTLE.
    Decree holding O'Reilly patent, No. 1,094,006, for a police whistle, not infringed affirmed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Joseph J. O'Reilly against the Benjamin Harris Company, Incorporated. Decree for defendant (259 Fed. 292), and complainant appeals. Affirmed.

A. B. Malcomson, of New York City, for appellant.

Munn, Anderson & Munn, of New York City (T. H. Anderson, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes